# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D&D LANDHOLDINGS, a California limited partnership,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NATION DIRECT CAPITAL CORPORATION, a Georgia corporation; AXIOM CAPITAL, a New York corporation; TODD A. DRAKE, an individual; CHARLES M. CRONIN, an individual; JAMES G. OSSIE, an individual,<br><br>　　　　　　　　　　　　　　　Defendants. | CASE NO. 05 CV 1605 JM (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENTER JUDGMENT PURSUANT TO SETTLEMENT AGREEMENT AGAINST DEFENDANT JAMES G. OSSIE AND NATION DIRECT CAPITAL CORPORATION** |

Pending before the court is plaintiff D&D Landholdings' ("Plaintiff") Motion to Enter Judgment Pursuant to Settlement Agreement Against Defendant James G. Ossie and Nation Direct Capital Corporation, filed November 13, 2006. See Docket No. 23.[1]  Although Plaintiff served defendants James G. Ossie and Nation Direct Capital Corporation (collectively the "Defendants") with notice of the motion, id., Defendants have not responded and the time for response has expired. After reviewing Plaintiff's papers, the court hereby **DENIES** the motion for the reasons set forth below.

**I.　BACKGROUND**

This is a diversity action alleging fraud in connection with a loan transaction between the parties. Plaintiff filed its complaint on August 12, 2005, and return of service of the summons and

---

[1] The motion was inadvertently set on Magistrate Judge Louisa Porter's December 6, 2006 calendar. However, motions for default judgment are to be decided by the district court judge. See, e.g., Conetta v. Nat'l Hair Care Centers, Inc., 236 F.3d 67, 72-73 (1st Cir. 2001).

complaint executed on the Defendants was filed on April 24, 2006. <u>See</u> Docket Nos. 9, 10. The Defendants having failed to respond to the complaint within the time permitted by law, Plaintiff moved the clerk to enter default against them on May 30, 2006 and gave notice to Defendants of the same. <u>See</u> Docket No. 12. The clerk thereon entered default, also on May 30, 2006. <u>See</u> Docket No. 14.

On September 12, 2006, Plaintiff and Defendants entered into a settlement agreement and release (the "Agreement").[2] Mot., Ex. A. The Agreement provided that Defendants

> shall pay [Plaintiff] D&D the total sum of forty-eight thousand dollars ($48,000) paid incrementally as follows: $12,000 on September 15, 2006; $12,000 on October 15, 2006; $12,000 on November 15, 2006; and $12,000 on December 15, 2006 . . . . In the event of default, Ossie agrees and stipulates that the Court will enter upon notice to Ossie, judgment in the amount of $75,000.00.

<u>Id.</u> at 2.

This motion for "default judgment" followed. Plaintiff argues that entry of default judgment is appropriate because although Defendants timely made the first payment, the second payment due on October 15, 2006 has not yet been paid. Therefore, according to Plaintiff, "[t]he undisputed facts are that Ossie, as of the date of this motion is 29 days in default and Judgment 'shall' be entered as [Defendants] agreed." <u>Id.</u>

**II.   DISCUSSION**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters default, the court may enter default judgment upon application by the party entitled to judgment and upon proof of damages if such proof is required "to enable the court to enter judgment or to carry it into effect[.]" Fed. R. Civ P. 55(b)(2).[3] Whether default judgment should be entered is within the discretion of the

---

[2] At the time of the Agreement, Defendants had still not appeared in this action, nor have they since appeared.

[3] Rule 55(b)(1) is inapplicable here. Under that rule, the clerk may enter default judgment when damages are for a sum certain or for a sum which can by computation be made certain, so long as the defendant has been defaulted for failure to appear and is not an infant or incompetent person. Fed. R. Civ. P. 55(b)(1). Defendants here have defaulted for failure to appear, and there is no reason to think either of them is an infant or incompetent person. However, since the complaint sought damages according to proof, damages are not for a sum certain or for a sum which can by computation be made certain. Comp. at 9.

district court. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  In exercising its discretion, the court should consider

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

Here, the clerk entered default in conformity with Rule 55(a).  See Docket No. 14.  However, it is unclear whether Plaintiff now moves pursuant to Rule 55 or whether it seeks enforcement of the terms of the Agreement against Defendants.  If it is the latter, the court must deny the motion since it lacks personal jurisdiction over Defendants, who have never appeared in this action.  If it is the former, the motion must still be denied because Plaintiff has not adequately proved damages or even addressed Rule 55 and the Eitel factors at all.  Given the ambiguous nature of Plaintiff's motion, the court finds the most prudent course is to deny it.  Eitel, 782 F.2d at 1472 (noting the "general rule that default judgments are ordinarily disfavored."); TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 693 (9th Cir. 2001) (same).

### III. CONCLUSION

For the foregoing reasons, the court **DENIES** the motion without prejudice. Any future application for relief must specify whether default judgment is sought on the basis of the original complaint for which default has been entered–in which case the moving party must set forth arguments with respect to Rule 55 and the Eitel factors – or breach of the "settlement agreement".

**IT IS SO ORDERED.**

DATED: January 23, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties