# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D&D LANDHOLDINGS, a California limited partnership,<br><br>            Plaintiff,<br><br>    v.<br><br>NATION DIRECT CAPITAL CORPORATION, a Georgia corporation; AXIOM CAPITAL, a New York corporation; TODD A. DRAKE, an individual; CHARLES M. CRONIN, an individual; JAMES G. OSSIE, an individual,<br><br>            Defendants. | CASE NO. 05 CV 1605 JM (POR)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ENTER JUDGMENT FOR BREACH OF WRITTEN SETTLEMENT AGREEMENT AGAINST DEFENDANT JAMES G. OSSIE AND NATION DIRECT CAPITAL CORPORATION**<br><br>[Docket No. 27] |

This is a diversity action alleging fraud in connection with a loan transaction between the parties. Pending before the court is Plaintiff's Motion to Enter Judgment For Breach of Written Settlement Agreement Against Defendant James G. Ossie and Nation Direct Capital Corporation (collectively the "Defendants"). See Docket No. 27. By the present motion Plaintiff seeks a judgment in the sum of $75,000.00 against Defendants for breach of the agreement that settled the dispute underlying this case. After considering Plaintiff's papers, the court hereby **DENIES** the motion for the reasons set forth below.

On August 12, 2005, Plaintiff filed its complaint against Defendants, who are putative citizens of Georgia. See id. (proof of service showing Defendants' mailing address in Georgia); Comp. ¶¶ 4,8. Defendants having never answered or otherwise responded to the complaint within the time allowed by law, the clerk properly entered default against them on May 30, 2006. See Docket No. 14.

- 1 -                                                                                                                     05cv1605

In September 2006, the parties agreed to settle the case. The agreement required Defendants to pay Plaintiff certain sums according to a payment schedule. See Pl. Notice of Errata (copy of settlement agreement), Docket No. 28. The agreement further provided that if Defendants failed to make payments, "Ossie agrees and stipulates that the Court will enter upon notice to Ossie, judgment in the amount of $75,000.00" Id. at part IIB. The parties did not file a stipulation agreeing to dismiss Defendants from the case, nor did they move the court for an order approving their settlement.

On January 23, 2007, the court denied Plaintiff's previous motion to enter judgment against Defendants on the ground that it was unclear whether Plaintiff at that time was moving for entry of default judgment pursuant to Rule 55 (in light of the clerk's entry of default) or whether Plaintiff was seeking enforcement of the parties' settlement agreement. See Docket No. 26. Now, Plaintiff clarifies that it seeks enforcement of the settlement agreement.

The court, however, is unable to award damages for breach of the settlement agreement because Plaintiff has no such claim in this case. The complaint alleges only fraud and prays for damages and declaratory relief. Comp. ¶ 31 et seq. To obtain the relief sought by the present motion, Plaintiff would first need to amend his complaint to include a breach of contract claim (arising out of the settlement agreement) and serve the amended complaint on Defendants, at which point Defendants would have the right to respond as provided in the Federal Rules of Civil Procedure.

Accordingly, the motion is **DENIED**. If Plaintiff wishes to file an amended complaint, it must do so no later than fourteen (14) days after the date on which this order is entered. Failure to do so will result in Plaintiff being required to bring a new, separate action in order to allege a claim for breach of the settlement agreement.

**IT IS SO ORDERED.**

DATED: March 28, 2007

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties