# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D&D LANDHOLDINGS, a California limited partnership,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>NATION DIRECT CAPITAL CORPORATION, a Georgia corporation; AXIOM CAPITAL, a New York corporation; TODD A. DRAKE, an individual; CHARLES M. CRONIN, an individual; JAMES G. OSSIE, an individual,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 05 CV 1605 JM (POR)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS JAMES G. OSSIE AND NATIONAL DIRECT CAPITAL CORPORATION**<br><br>**[Docket No. 54]** |

　　　This is a diversity action alleging fraud in connection with a loan transaction between the parties. Pending before the court is Plaintiff's motion for summary judgment on the third cause of action, for breach of contract, against defendants James G. Ossie and Nation Direct Capital Corporation (collectively, the "Ossie Defendants"). (See Docket no. 54.) Plaintiff seeks a judgment in the sum of $86,609.39[1] against the Ossie Defendants for breach of the agreement that settled the dispute underlying this case. The Ossie Defendants filed no opposition to the motion. For the reasons set forth below, the court hereby **GRANTS** the motion for summary judgment.

---

[1] This judgment amount is comprised of $75,000 in liquidated damages and $11,609.39 in attorney fees and costs.

## I. BACKGROUND

Plaintiff filed its initial complaint on August 12, 2005. In September 2006, the parties agreed to settle the case. The agreement required the Ossie Defendants to pay Plaintiff four installments of $12,000 according to a payment schedule. (Decl. of B. Jacobs ISO Mot. for Summary Judgment ("MSJ"), Exh. A (copy of settlement agreement) at part II.B.) If the Ossie Defendants failed to make payments, "Ossie agrees and stipulates that the Court will enter upon notice to Ossie, judgment in the amount of $75,000.00." Id. at part II.B. The agreement further provided that, upon final payment of the settlement terms, Plaintiff will stipulate to the dismissal of defendants Axiom, Drake, and Cronin, with prejudice. Id. at part II.C. The parties have not filed a stipulation agreeing to dismiss these three Defendants from the case, nor have they moved the court for an order approving their settlement.

Plaintiff alleges that the Ossie Defendants made only the first payment of $12,000 under the settlement agreement, and have failed to make any of the remaining payments. (MSJ at 2.) Prior to the instant motion, Plaintiff moved twice to enter a judgment against the Ossie Defendants for their failure to make the settlement payments. The court rejected each of these motions and ultimately indicated that Plaintiff could only obtain the relief sought by filing an amended complaint to include a breach of contract claim arising out of the settlement agreement. (See Docket nos. 26, 29.) Plaintiff then filed an amended complaint containing claims for breach of contract and fraud related to the settlement. (Docket no. 30.) Plaintiff also secured an entry of default against the Ossie Defendants (Docket no. 47). Ossie thereafter filed an answer to the amended complaint in his individual capacity and as president of Nation Direct (Docket no. 52). In the answer, Ossie asserts that the settlement agreement is void and unenforceable and disputes the liquidated damage amount. (Answer at 2 (ninth defense).)

## II. DISCUSSION

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 56(c), Plaintiff now seeks summary judgment against the Ossie Defendants on the claim for breach of the settlement agreement.

//
//

### A. Legal Standards

A motion for summary judgment shall be granted where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FRCP R. 56(c); British Airways Bd. v. Boeing Co., 585 F.2d 946, 951 (9th Cir. 1978), cert. denied, 440 U.S. 981 (1979). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is "no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." Id. (emphasis in original). The opposing party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [the party's] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (citation omitted). The opposing party also may not rely solely on conclusory allegations unsupported by factual data. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court must examine the evidence in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962). Any doubt as to the existence of any issue of material fact requires denial of the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). On a motion for summary judgment, when "'the moving party bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence were uncontroverted at trial.'" Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992) (emphasis in original) (quoting International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264-65 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992)).

### B. Analysis

Here, Plaintiff has satisfied its burden of providing a factual basis for its motion and demonstrating that no genuine issue of material fact exists. See Celotex, 477 U.S. at 323. Plaintiff shows that Plaintiff and the Ossie Defendants entered into the settlement agreement (see Settlement Agreement), which provided the schedule for payments and established a penalty of

1  $75,000 in liquidated damages (id. at part II.B) plus attorney fees and costs (id. at part II.D.9) for
2  failure to make the settlement payments.  Plaintiff further shows that the Ossie Defendants have
3  breached the agreement by making only the first of the four required payments.  (See Pltf.'s
4  Separate Statement of Undisputed Facts ISO MSJ at 3 (evidence supporting undisputed facts nos.
5  11, 12).)  The Ossie Defendants failed to defeat Plaintiff's showing.  They did not oppose the
6  motion, and they cannot rely on the allegations in their answer to oppose the evidence set forth by
7  Plaintiff.  See Celotex, 477 U.S. at 324.  Because the court finds that Plaintiff is entitled to
8  judgment as a matter of law on its breach of contract claim, the court hereby **GRANTS** Plaintiff's
9  motion for summary judgment against the Ossie Defendants.[2]

10  IT IS SO ORDERED.

11  DATED:  November 21, 2007

12  _____
    Hon. Jeffrey T. Miller
13  United States District Judge

    cc:     All parties

---

[2] The court is aware of the settlement agreement's provision that, in effect, all remaining claims shall be dismissed with prejudice upon final payment of the settlement.  (See Settlement Agreement at part II.C.)  The agreement also contains a general release of all claims.  (Id. at part II.D.1.)  These provisions subsume the cross-claim for indemnity filed by Axiom, Drake, and Cronin.  (See Docket no. 32.)  Plaintiff further notes in its summary judgment motion that, if the court grants the motion, Plaintiff "will dismiss its remaining causes of action, and seek a judgment, including its costs and fees incurred."  (MSJ at 3 n.1.)  In light of this order granting summary judgment, the court hereby **DIRECTS** Plaintiff to submit, within 60 days from the date of this order, a request for dismissal with prejudice of all claims remaining in the action.